[Cite as *In re C.L.M.*, 2012-Ohio-5175.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97980**

# IN RE: C.L.M.
# A MINOR CHILD

## JUDGMENT:
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-11118577

**BEFORE:** Rocco, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

-i-

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By:   Amanda J. Powell
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, OH 43215

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   John F. Hirschauer
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶1} Juvenile appellant, C.L.M., appeals from the juvenile court's order classifying C.L.M. as a tier II sex offender. The trial court made its finding that C.L.M. was a sex offender at the disposition hearing. C.L.M. argues that, under R.C. 2152.83, the trial court cannot make this finding until after C.L.M. is released from the Ohio Department of Youth Services ("DYS"). C.L.M. also argues ineffective assistance of counsel based on his attorney's failure to object to the trial court's decision to make the sex-offender classification at the disposition hearing.

{¶2} We conclude that the trial court erred in making the sex-offender classification at the disposition hearing and that the hearing must be held upon C.L.M.'s release from DYS. We reverse the trial court's final judgment only insofar as it classifies C.L.M. as a tier II sex offender. Because we reverse the trial court on the first assignment of error, we decline to address C.L.M.'s ineffective assistance of counsel assignment of error.

{¶3} C.L.M. admitted to being delinquent as to the charge of attempted rape, a violation of R.C. 2923.02 and 2907.02(A)(1)(b), a felony of the second degree if committed by an adult. C.L.M. was fourteen years old at the time of the offense. The victim was C.L.M.'s three-year-old neighbor. During disposition, the trial court committed C.L.M. to DYS for a minimum period of one year and a maximum period until

C.L.M.'s twenty-first birthday. The trial court also classified C.L.M. as a tier-II sex offender, meaning C.L.M. would be required to register as a sex offender and to verify his residence every 180 days for a period of 20 years. C.L.M's attorney did not object to the classification designation.

{¶4} C.L.M. appeals from the trial court's final judgment and presents two assignments of error for review:

> **I. The trial court erred when it classified C.L.M. as a juvenile offender registrant because it did not make that determination upon his release from a secure facility as required by R.C. 2152.83(A)(1).**

> **II. C.L.M. was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article, I, Section 16 of the Ohio Constitution.**

{¶5} We sustain the first assignment of error and decline judgment on the second assignment of error because it is moot.

{¶6} In his first assignment of error, C.L.M. argues that the trial court was not authorized to classify him as a sex offender at the disposition hearing. C.L.M. asserts that because he was being committed to a secured facility, the trial court had to wait until his release from the facility before it could make a finding on whether to classify C.L.M. as a sex offender. We agree.

{¶7} R.C. 2152.83 governs the classification of a child as a juvenile sex offender registrant. In this case, the pertinent statutory provision is R.C. 2152.83(B). Under this subsection:

> (1) The court that adjudicates a child a delinquent child, on the judge's own motion, *may conduct at the time of disposition of the child or, if the court*

*commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing* for the purposes described in division (B)(2) of this section if all of the following apply:

 (a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

 (b) The child was fourteen or fifteen years of age at the time of committing the offense.

 (c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

R.C. 2152.83(B)(1) (emphasis added). R.C. 2152.83(D) sets forth a number of factors that the trial court must consider when determining whether a delinquent should be classified as a sex-offender registrant under subsection (B). There is no dispute as to whether subsections (B)(1)(a)-(B)(1)(c) were satisfied. C.L.M. was fourteen at the time of the sexually oriented offense involving a child victim, and the court was not otherwise required by statute to classify C.L.M. as a sexual offender. The only dispute in this case is whether the trial court could make its finding during the disposition hearing or whether it has to wait to make this determination until after C.L.M. is released from DYS.

{¶8} The language in R.C. 2152.83(B)(1) is ambiguous, because the meaning of "may conduct" is unclear. The state argues that "may conduct" means that the trial court has discretion as to the timing of when it conducts the hearing: it can conduct it either at disposition or after release from a secured facility. C.L.M. argues that "may conduct" means that the trial court has discretion as to whether to make the sex-offender finding at all, but that once the trial court decides to make the finding, it can hold the hearing only

after the juvenile is released from a secured facility (or at the disposition hearing if the delinquent is not going to a secured facility).

{¶9} When read in isolation, R.C. 2152.83(B)(1) tells us little as to when the court must conduct the hearing. But when read in conjunction with R.C. 2152.83(B)(2) and 2152.83(D)(6) it becomes clear that the General Assembly intended the trial court to wait until the delinquent is released from a secured facility before holding the hearing. Under R.C. 2152.83(B)(2):

> A judge *shall* conduct a hearing under division (B)(1) of this section *to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant.* The judge may conduct the hearing on the judge's own initiative or based upon a recommendation of an officer or employee of the department of youth services, a probation officer, an employee of the court, or a prosecutor or law enforcement officer. If the judge conducts the hearing, upon completion of the hearing, the judge, in the judge's discretion and after consideration of the factors listed in division (E) of this section, shall do either of the following:
> 
> (a) Decline to issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code;
> 
> (b) Issue an order that classifies the child a juvenile offender
> 
> registrant and specifies that the child has a duty to comply with sections
> 
> 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and that
> 
> states the determination that the judge makes at the hearing held pursuant to
> 
> section 2152.831 of the Revised Code as to whether the child is a tier I sex
> 
> offender/child-victim offender, a tier II sex offender/child-victim offender,
> 
> or a tier III sex offender/child-victim offender.

R.C. 2152.83(B)(2) (emphasis added). This subsection not only requires the trial court to hold a hearing, but it also mandates that the trial court will consider the "effectiveness of the disposition" and "the treatment provided for the child placed in a secure setting" when "determin[ing] whether the child should be classified a juvenile offender registrant." *Id.* It is impossible for the trial court to consider the efficacy of the disposition and the treatment the child received in the secured facility until *after* the child has completed his stay in the secured facility. It follows, then, that the General Assembly intended these hearings to take place upon the child's release from the secured facility.

{¶10} Similarly, R.C. 2152.83(D) supports our conclusion. This section sets forth the relevant factors that the court must consider when deciding whether a delinquent should be classified as a sex offender under section (B). One of these factors is "[t]he results of any treatment provided to the child and of any follow-up professional assessment of the child." R.C. 2152.83(D)(6). Again, the court cannot consider the results of any treatment or follow-up professional assessment that the child receives in the secured facility if the court conducts the hearing before the child is released from the secured facility.

{¶11} When read together, R.C. 2152.83(B)(1), (B)(2), and (D)(6) stand for the following proposition: If a juvenile is adjudged delinquent for a sexually oriented offense or a child-victim oriented offense; the delinquent was fourteen or fifteen years of age at the time of committing the offense; and the trial court is not otherwise required by statute to classify the delinquent as a sex offender, then the trial court has discretion as to

whether to make a further finding that the delinquent is a sex offender.   But once the trial court decides it wants to make such a finding, it must first hold a hearing and consider all relevant statutory factors before making the determination.  If the delinquent has been sent to a secured facility for his offense, the trial court must wait until the delinquent's release before holding the hearing, and must consider the "effectiveness of the disposition" and "the treatment provided for the child placed in a secure setting."   After the hearing, the trial court must decide whether or not to issue an order classifying the child a juvenile offender registrant.   If the trial court classifies the child as a juvenile offender registrant, it must further determine whether the juvenile is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender.

{¶12} We find further support for our holding from the Fifth District's decision in *In re B.G.*, 5th Dist. No. 2011-COA-012, 2011-Ohio-5898.   That case similarly concluded that a trial court cannot hold a hearing under R.C. 2152.83(B) to determine whether a delinquent should be classified as a sex offender until the juvenile's release from a secured facility.  *Id.* at ¶ 22-42.  The court's reasoning was based both on the language of R.C. 2152.83 and on public policy concerns.  *Id.*  The court explained that its interpretation of the statute was "more in accord with the purpose and  goals of the juvenile justice system."  *Id.* at ¶ 40.  Waiting until after the juvenile has received treatment before making the determination furthers the juvenile justice system goal of rehabilitation.  Further, as the juvenile justice system is concerned with protecting the

privacy of youthful offenders, "a court should give a child all possible benefit of rehabilitation and treatment before deciding to order him or her to comply with the registration and community notification similar to that required of adult offenders." *Id.* at ¶ 41 (quoting *In the matter of W.Z.*, 194 Ohio App.3d 610, 2011-Ohio-3238, 957 N.E.2d 367 (6th Dist.)).[1]

{¶13} We also note that there is no public harm in requiring the trial court to wait until the juvenile is released from the secured facility before making the determination as to whether the juvenile must register as a sex offender. If the registration requirement is designed to protect the public from a potentially dangerous juvenile, it serves no purpose to require a juvenile to register while he is sequestered from the public. The public safety purpose behind registration is only fulfilled once the juvenile is released from the secured facility.

{¶14} Finally, we reject the position that holding the hearing before the child completes his stay at a secured facility would serve the purpose of judicial economy. The trial court stated on the record that it was "inclined to go forward with the classification [at disposition], because [it] d[idn't] feel the need, or

* * * think it would be in the interest of justice and a total waste of money to send [C.L.M.] to [DYS] and bring [him] back here." Tr. 18. The judge informed C.L.M. that

---

[1]The Fifth District had earlier reached a different conclusion in *In re Callahan*, 5th Dist. No. 04COA-064, 2005-Ohio-735, finding that a court can hold the R.C. 2152.83(B) hearing at disposition as opposed to waiting until the juvenile is released from a secured facility. The Fifth District does not mention *Callahan* in *In re B.G.* Regardless, we are not persuaded by the court's reasoning in *Callahan* and are in agreement with its reasoning in *In re B.G.*

he could petition the trial court upon his release and request that the court change his classification. But R.C. 2152.83(B)(2) states that the judge "shall conduct a hearing * * * to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant." R.C. 2152.83(B)(2). As earlier mentioned, we read this to mean that if the court wants to decide whether to classify the juvenile as a sex offender, it must hold a hearing and consider the efficacy of any treatment provided in the secured facility. The court cannot circumvent this later requirement by holding the hearing at disposition.

{¶15} The use of the word "shall" in R.C. 2152.83(B)(2) leads us to the conclusion that, in this case, C.L.M. did not waive all but plain error. C.L.M.'s trial counsel failed to object to the trial court's decision to make the R.C. 2152.83(B) classification at disposition rather than waiting until C.L.M.'s release. But in *In re David G.*, 5th Dist. Nos. 2008 CA 00243 and 2008 CA 00244, 2009-Ohio-4002, ¶ 34, the Fifth District explained (in the context of the Ohio Rules of Juvenile Procedure) that "the use of the word 'shall' connotes the imposition of a mandatory obligation on the court which cannot be waived by a failure to object." We find that reasoning applies with equal force in the present case. The statute requires that the trial court conduct the hearing at a particular time, and C.L.M.'s trial counsel cannot waive that requirement by failing to timely object. Because the trial court must hold the R.C. 2152.83(B) hearing upon C.L.M.'s release

from the secured facility, and because the trial court erred in holding the hearing at disposition, we sustain C.L.M.'s first assignment of error.

{¶16} Having determined that the trial court must hold the R.C. 2152.83(B) hearing upon C.L.M.'s release from the secured facility, we need not address C.L.M.'s related ineffective assistance of counsel argument. This assignment of error was based on his counsel's failure to object when the trial court made the sex-offender classification at the disposition hearing. As this matter is now moot, we decline to rule on C.L.M.'s second assignment of error.

{¶17} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR