[Cite as *In re D.B.*, 2013-Ohio-496.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.  98698

# IN RE: D.B.

# A Minor Child

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 11120458

**BEFORE:**  E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**  February 14, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
BY:   Sheryl A. Trzaska
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio   43215

**ATTORNEYS FOR APPELLEE, C.S.E.A.**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Juvenile appellant D.B. appeals the juvenile court's order classifying D.B. as a Tier I juvenile sex offender registrant. Appellant asserts that the trial court acted in violation of R.C. 2152.83 when it classified him at the time of his juvenile disposition rather than at the time he was released from his commitment to a secure facility. Appellant further argues that the juvenile sex offender requirements under R.C. 2152.83 are an unconstitutional punishment in contravention of juvenile court jurisdiction, that the trial court imposed an incorrect registration period and that his attorney rendered ineffective assistance of counsel. For the following reasons, we reverse the judgment of the juvenile court.

{¶2} D.B. admitted to being delinquent as to the charge of importuning in violation of R.C. 2907.07(A), a felony of the third degree if committed by an adult. D.B. was fifteen years old at the time of the offense. During disposition, the trial court committed D.B. to the ODYS for a minimum period of six months and a maximum period until D.B.'s 21st birthday. The trial court also classified D.B. as a Tier I sex offender. D.B.'s attorney did not object to the classification designation.

{¶3} In his first assignment of error, D.B. argues that the trial court erred in classifying him as a Tier I sex offender at the time of disposition rather than waiting and considering classification at the time of D.B.'s release from ODYS.

{¶4} R.C. 2152.83 governs the classification of a child as a juvenile sex

offender registrant and provides in relevant part:

(B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section if all of the following apply:

(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was fourteen or fifteen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

(2) A judge shall conduct a hearing under division (B)(1) of this section to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant. The judge may conduct the hearing on the judge's own initiative or based upon a recommendation of an officer or employee of the department of youth services, a probation officer, an employee of the court, or a prosecutor or law enforcement officer.  If the judge conducts the hearing, upon completion of the hearing, the judge, in the judge's discretion and after consideration of the factors listed in division (E) of this section, shall do either of the following:

(a) Decline to issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with Sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code;
(b) Issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with Sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and that states the determination that the judge makes at the hearing held pursuant to section 2152.831of the Revised Code as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender,

or a tier III sex offender/child-victim offender.

{¶5} In construing the language of R.C. 2152.83(B)(1), this court has held that, "the General Assembly intended the trial court to wait until the delinquent is released from a secured facility before holding the [classification] hearing." *In Re: C.L.M.*, 8th Dist. No. 97980, 2012-Ohio-5175, ¶ 9. In that case, we interpreted R.C. 2152.83 as follows:

> If a juvenile is adjudged delinquent for a sexually oriented offense or a child-victim oriented offense; the delinquent was fourteen or fifteen years of age at the time of committing the offense; and the trial court is not otherwise required by statute to classify the delinquent as a sex offender, then the trial court has discretion as to whether to make a further finding that the delinquent is a sex offender. But once the trial court decides it wants to make such a finding, it must first hold a hearing and consider all relevant statutory factors before making the determination. If the delinquent has been sent to a secured facility for his offense, the trial court must wait until the delinquent's release before holding the hearing, and must consider the "effectiveness of the disposition"and "the treatment provided for the child placed in a secure setting." After the hearing, the trial court must decide whether or not to issue an order classifying the child a juvenile offender registrant.

*Id*. at ¶ 11, citing R.C. 2152.83(B)(1), (B)(2) and (D)(6).

{¶6} There is no dispute that the provisions of R.C. 2152.83(B)(1) apply to D.B. We conclude that the trial court erred in making the sex-offender classification at the dispositional hearing and that the hearing must be held upon D.B.'s release from ODYS.[1]

---

[1]We further note that the trial court, in classifying D.B. as a Tier I sex offender, incorrectly ordered him to comply with the registration requirements for a period of 15 years. R.C. 2950.07(B)(3) provides a 10-year registration period for a delinquent child who is classified as a Tier I sex offender/child-victim offender registrant.

**{¶7}** Appellant's first assignment of error is sustained. We reverse the trial court's final judgment only insofar as it classifies D.B. as a Tier I sex offender. In light of our resolution of appellant's first assignment of error, we find appellant's remaining assignments of error to be moot.

**{¶8}** Judgment reversed and the cause remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR