[Cite as *In re D.F.*, 2018-Ohio-1792.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: D.F.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2016CA0015, 2016CA0016

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Coshocton County Court of Common Pleas, Juvenile Division, Case Nos. 201420009, 2014CR008 |
| JUDGMENT: | Judgment reversed in part, affirmed in part |
| DATE OF JUDGMENT ENTRY: | May 2, 2018 |
| APPEARANCES: | |

For Appellant

CHARLYN BOHLAND
The Office of the Public Defender
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

For Appellee

BENJAMIN E. HALL
Coshocton County Prosecutor's Office
Assistant Prosecuting Attorney
318 Chestnut Street
Coshocton, Ohio 43812

*Hoffman, P.J.*

**{¶1}** This case comes before this Court from the judgment entered by the Ohio Supreme Court on February 28, 2018, remanding for application of *State v. Morgan,* 2017-Ohio-7566. Appellant is D.F.; Appellee is the state of Ohio.

STATEMENT OF PROCEEDINGS[1]

**{¶2}** On January 17, 2014, the State filed a Bill of Information alleging D.F. committed two counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b), with each charge carrying an attendant serious youthful offender (SYO) specification, pursuant to R.C. 2152.11(D)(2)(b); and one count of gross sexual imposition, a third degree felony, in violation of R.C. 2907.05(A)(4).

**{¶3}** Appellant's date of birth is October 18, 1995, and the offenses were alleged to have occurred between December 3, 2009, and January 16, 2013.

**{¶4}** On January 17, 2014, Appellant entered an admission to the charges. The matter proceeded to disposition on January 30, 2014. The juvenile court committed Appellant to the Ohio Department of Youth Services for a minimum of two years and six months, maximum of up to Appellant's twenty-first birthday. Pursuant to the SYO specification and R.C. 2152.11(D)(2)(b), the court imposed a suspended adult sentence of life imprisonment with parole eligibility after 15 years on each count of rape, to be served concurrently.

---

[1] A full rendition of the underlying facts giving rise to Appellant's adjudication, disposition and sentence is unnecessary for resolution of this appeal.

{¶5}    Based upon Appellant's conduct while committed to DYS[2], on December 23, 2015, the State moved to invoke the suspended adult sentence under the SYO specification. On October 4, 2016, the trial court conducted a hearing, and imposed an adult term of incarceration of fifteen years to life. The trial court on the same date held a hearing and imposed a juvenile disposition regarding classification. The court classified Appellant a tier III, Public Registry Qualified Juvenile Offender Registrant (PRQJOR), pursuant to R.C. 2152.86. The parties and the trial court acknowledged all juvenile dispositions terminated upon the imposition of an adult sentence, but "waived any defect to this juvenile dispositional order and...affirmed its intention for this juvenile order to survive the adult sentence." (10/5/2016 Judgment Entry) The court also classified Appellant a tier III adult registrant.  Counsel for Appellant did not object to the sentence or classifications.

{¶6}    Appellant appealed assigning as error,

I. THE JUVENILE COURT ERRED WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM TO PROTECT D.F.'S BEST INTERESTS, IN VIOLATION OF R.C. 2151.281(A)(1) AND JUV. R. 4(B)(1).

II. THE MANDATORY SENTENCING SCHEME IN R.C. 2971.03 IS UNCONSTITUTIONAL BECAUSE IT DOES NOT PERMIT THE TRIAL COURT TO MAKE AN INDIVIDUALIZED DETERMINATION ABOUT D.F.'S

---

[2] A State Trooper conducted an investigation into Appellant's conduct while at DYS, and substantiated sexual conduct occurred between Appellant and another DYS resident. 6/24/2016 Transcript. P. 207.

SENTENCE OR THE ATTRIBUTES OF HIS YOUTH, IN VIOLATION OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, AS GUARANTEED BY THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 9, OHIO CONSTITUTION.

III. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.F. AS A PUBLIC REGISTRY QUALIFIED JUVENILE OFFENDER REGISTRANT (PRQJOR), PURSUANT TO R.C. 2152.86, IN VIOLATION OF IN RE C.P., 131 OHIO ST.513, 2012-OHIO-1446, 131 Ohio St.3d 513, 967 N.E.2d 729, ¶ 86.

IV. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.F. TO AN ADULT TIER III REGISTRATION, PURSUANT TO THE ADULT STATUTES, IN VIOLATION OF R.C. 2152.82, 2152.83, 2152.84, 2152.85, AND 2950.01(G), (M).

V. D.F. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶7}   We sustained the first assignment of error, finding the court erred in failing to appoint a guardian ad litem for Appellant.  We overruled the second assignment of error, finding the Ohio Supreme Court had addressed the assigned error concerning constitutionality of the statute.  We found the third, fourth and fifth assignments of error to be premature based on our disposition of the first assignment of error.  *In re:  D.F.,* 5th Dist. Coshocton Nos. 2016CA0015, 2016CA0016, 2017-Ohio-7307.

**{¶8}** The state of Ohio appealed our decision to the Ohio Supreme Court, which accepted jurisdiction over the appeal. On February 28, 2018, the Supreme Court remanded the case to this Court for reconsideration of Appellant's direct appeal. Pursuant to instructions on remand, we address Appellant's assignments of error.

I.

**{¶9}** Appellant argues the trial court erred in failing to appoint a guardian ad litem for the SYO invocation proceedings and subsequent sentencing. Appellant did not appear with a parent or legal guardian for these proceedings, and did not object to the court's failure to appoint a guardian ad litem.

**{¶10}** R.C. 2151.281(A)(1) provides:

(A) The court shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:

(1) The child has no parent, guardian, or legal custodian.

**{¶11}** Juv. R. 4(B)(1) similarly provides for appointment of a guardian ad litem:

(B) **Guardian ad Litem; When Appointed.** The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

(1) The child has no parents, guardian, or legal custodian[.]

**{¶12}** Subsequent to our decision reversing the instant case based on the trial court's failure to appoint Appellant a guardian ad litem, the Ohio Supreme Court held when the juvenile court fails to appoint a guardian ad litem as required by statute, and the error is unpreserved, the juvenile must demonstrate plain error pursuant to the criminal plain error standard, i.e. the error affected the outcome of the proceeding. *State v. Morgan,* 2017-Ohio-7565, ¶¶48-51.

**{¶13}** In *Morgan,* the court determined the juvenile had not demonstrated plain error in the trial court's failure to appoint a guardian ad litem for him in his amenability hearing. The court noted he was represented by counsel at all stages of the bindover process, and counsel advocated against bindover. *Id.* at ¶52. Further, some of the information a guardian ad litem would have provided at an amenability hearing might have duplicated the information already before the court. *Id.* at ¶53. The court further noted Morgan's mother was present for all hearings except the amenability hearing, and had participated in completion of the social-background section of the court-ordered psychological examination. *Id.* at ¶52. "At the time of the amenability hearing, all that remained was an opportunity for a presentation of arguments for or against bindover and for the court to announce its judgment." *Id.*

**{¶14}** In the instant case, Appellant previously entered a plea which included the SYO specification at issue in the invocation hearing. In exchange for his plea to the three counts in the complaint, the State agreed not to pursue other charges against Appellant regarding other victims under investigation at the time. At the time of his original

sentencing on January 30, 2014, the legal custodian from the agency which had custody of Appellant was present in the courtroom and addressed the court. Tr. (1/30/14) p.10. Further, throughout the initial plea process and sentencing, and in the preliminary hearing regarding invocation of the SYO sentence, Appellant demonstrated maturity by often seeking clarification from the court and from his attorney when he lacked understanding of the proceedings. Tr. (1/17/14) p.10-12; Tr. (1/30/14) p. 14; Tr. (1/19/16) p.7. At the merit hearing on the motion to invoke the SYO specification, Appellant again demonstrated an ability to seek clarification from the court concerning the proceeding and to confer with counsel in order to participate in his defense. Tr. (4/12/16) p. 13, 15, 19, 35.

{¶15} R.C. 2152.14(A) provides as follows regarding a motion to invoke the adult portion of a dispositional sentence:

(A)(1) The director of youth services may request the prosecuting attorney of the county in which is located the juvenile court that imposed a serious youthful offender dispositional sentence upon a person under section 2152.121 or 2152.13 of the Revised Code to file a motion with that juvenile court to invoke the adult portion of the dispositional sentence if all of the following apply to the person:

(a)The person is at least fourteen years of age.

(b)The person is in the institutional custody, or an escapee from the custody, of the department of youth services.

(c)The person is serving the juvenile portion of the serious youthful offender dispositional sentence.

(2)The motion shall state that there is reasonable cause to believe that either of the following misconduct has occurred and shall state that at least one incident of misconduct of that nature occurred after the person reached fourteen years of age:

(a) The person committed an act that is a violation of the rules of the institution and that could be charged as any felony or as a first degree misdemeanor offense of violence if committed by an adult.

(b)The person has engaged in conduct that creates a substantial risk to the safety or security of the institution, the community, or the victim.

**{¶16}** R.C. 2152.14(E) provides for invocation of the adult sentence following a hearing:

(E)(1) The juvenile court may invoke the adult portion of a person's serious youthful offender dispositional sentence if the juvenile court finds all of the following on the record by clear and convincing evidence:

(a)The person is serving the juvenile portion of a serious youthful offender dispositional sentence.

(b)The person is at least fourteen years of age and has been admitted to a department of youth services facility, or criminal charges are pending against the person.

(c)The person engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction.

**{¶17}** The parties stipulated Appellant was at least fourteen years of age and had been admitted to a department of youth services facility, and he was serving the juvenile portion of a SYO dispositional sentence.  At the SYO invocation hearing, the State presented evidence of three alleged rapes committed by Appellant while in the department of youth services facility.  The court found two of the incidents were not proven by clear and convincing evidence.  However, the third incident the court found proven by clear and convincing evidence.  While Appellant did not admit or deny using force or coercion in this sexual encounter with another resident of the facility, he responded to the police inquiry by stating he would never force himself on anyone unless he was smaller than Appellant, and he stated the other youth in question was short.

**{¶18}** The State further presented evidence Appellant's conduct creates a substantial risk to the safety of the community or the victim.  Appellant demonstrated lack of interest, participation and progress in sex offender treatment.  He admitted to Dr. Jennifer Alpert, his psychologist in the facility, he will reoffend.  He admitted to engaging in "grooming" activity with others in the facility, and discussed a desire to contact past

victims and rekindle the relationships.  Appellant expressed in a letter he was unsafe to be out in the community, as he knows what he would do given the opportunity.

**{¶19}**  As to sentencing, the trial court initially sentenced Appellant to a term of life imprisonment with parole eligibility in fifteen years on each count of rape, to be served concurrently.  However, following the SYO invocation hearing, the trial court modified the adult sentence to fifteen years to life on each count of rape, to be served concurrently.[3]

**{¶20}** The record does not demonstrate had Appellant been represented by a guardian ad litem, the result of the proceeding would have been different.  Appellant demonstrated an ability throughout the case to interact successfully with the court and counsel to ensure a complete understanding of the proceedings against him.  The evidence presented at the hearing clearly supported the court's findings in support of invocation of the adult sentence.  The adult portion of Appellant's sentence was modified to a lesser sentence following the SYO invocation hearing.  We find appellant has not demonstrated plain error in the court's failure to appoint a guardian ad litem.

**{¶21}**  The first assignment of error is overruled.

II.

**{¶22}**  For the reasons stated in our August 21, 2017 opinion in the instant case, the second assignment of error is overruled.

---

[3] R.C. 2152.14(E)(2) allows the court to modify the adult sentence to consist of any lesser prison term that could be imposed for the offense.

III.

**{¶23}** In his third assignment of error, Appellant argues the court erred in classifying him as a public registry qualified juvenile offender registrant (PRQJOR) pursuant to R.C. 2152.86, as the statute has been found unconstitutional by the Ohio Supreme Court. We agree.

**{¶24}** In the case of *In re C.P.*, 131 Ohio St.3d 513, 2012–Ohio–1446, 967 N.E.2d 729, the Ohio Supreme Court held R.C. 2152.86 violates procedural due process because it automatically imposes lifelong registration and notification requirements on a certain class of juvenile sex offenders called public-registry-qualified juvenile-offender registrants.["PRQJOR"] *In re C.P.*, ¶ 86. Pursuant to R.C. 2152.86, juveniles are public-registry-qualified juvenile-offender registrants if they (1) were 14 through 17 years old when the offense was committed, (2) have been adjudicated a delinquent child for committing certain specified sexually-oriented offenses, and (3) have had a court impose on them a serious youthful offender dispositional sentence. *Id.* at ¶ 13. These offenders are to be classified under tier III. *Id.* at ¶ 85–86. Therefore, the offenders "are automatically subject to mandatory, lifetime sex-offender registration and notification requirements" because they are automatically labeled tier III offenders. *Id.* at ¶ 1. The court also held R.C. 2152.86 violated the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment because it "imposes automatic, lifelong registration and notification requirements on juvenile sex offenders tried within the juvenile system." *Id.* at syllabus. The court contrasted R.C. 2152.86 with sex offender classifications made "through a traditional juvenile disposition," which provides the trial court with more discretion in the imposition of the reporting and

registration requirements because "the court holds a hearing to determine [the offender's] tier classification." *Id.* at ¶ 20. *See, In re M.C.,* 10th Dist. Franklin No. 12AP–618, 2013–Ohio–2109, ¶ 79.

**{¶25}** The trial court classified Appellant a PRQJOR in its October 5, 2016 judgment entry as follows:

On this date, at this hearing and prior to granting the State's Motion to Invoke the Serious Youthful Offender specification, this Court held a sex offender registration hearing and imposed a juvenile disposition regarding classification. Specifically, defendant is hereby ordered a Tier III public registry qualified juvenile offender registrant (PRQJOR) pursuant to 2152.86 of the Revised Code. The parties and the Court acknowledged that R.C. 2152.4(F) [sic] terminated all juvenile dispositions when an adult sentence is imposed but waived any defect to this juvenile dispositional order and this Court affirmed its intention for this juvenile order to survive the adult sentence.

**{¶26}** At the hearing, the trial court recognized the statute had been found unconstitutional:

The court had reviewed, prior to going on the record with counsel, the Public Registry Qualified Juvenile Registrant requirements. 14 years of

age at the time of the act. Classified as a serious youthful offender. Adjudicated delinquent for committing any of the following, which includes 2907.02 rape. I just want to make sure I'm looking at all the notes on these. So, it would seem that [D.F.] satisfies the requirements to be registered under this class of juvenile offenders or Public Registry Qualified Juvenile Offender registrant. There has been a Supreme Court case that has found certain aspects of the law unconstitutional. So, what the court's going to do is going to find for the juvenile registration that [D.F.] is a Tier III sex offender, child victim offender registrant. Because he satisfies the requirements for Public Registry Qualified Juvenile Offender registrant, subject to community notification provisions, the court will make that finding but certainly exempt any portions of those requirements that have been found to be unconstitutional and subsequent authority interpreting that statute.

Tr.(10/4/16)p.13-14.

{¶27} Although from the bench the trial court expressed an intention to not run afoul of the unconstitutional provisions of R.C. 2152.86, the trial court automatically classified Appellant as a tier III public registry qualified juvenile offender because he met the requirements for such classification set forth in R.C. 2152.86. The automatic imposition of lifelong tier III reporting requirements upon a juvenile who meets the classification criteria set forth in R.C. 2152.86 is exactly what the Ohio Supreme Court found unconstitutional in *In re C.P., supra.*

**{¶28}** The third assignment of error is sustained.

IV.

**{¶29}** In his fourth assignment of error, Appellant argues the court erred in classifying him a tier III adult offender.  We agree.

**{¶30}** The State argues pursuant to this Court's decision in *State v. Reidenbach,* 5th Dist. Coshocton No. 2014CA0019, 2015-Ohio-2915, the adult registration statute applies to Appellant because he was given an adult sentence.  *Reidenbach* is distinguishable from the instant case, as Reidenbach was bound over and convicted as an adult in adult court.   In the instant case, Appellant was subject to an adult sentence, but was not convicted as an adult.  Rather, he was adjudicated delinquent in juvenile court.

**{¶31}** R.C. 2950.01(G) includes in the definition of a tier III registrant:

(3) A sex offender who is adjudicated a delinquent child for committing or has been adjudicated a delinquent child for committing any sexually oriented offense and who a juvenile court, pursuant to section 2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a tier III sex offender/child-victim offender relative to the offense.

(4) A child-victim offender who is adjudicated a delinquent child for committing or has been adjudicated a delinquent child for committing any child-victim oriented offense and whom a juvenile court, pursuant to section

2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a tier III sex offender/child-victim offender relative to the current offense.

**{¶32}** As a sex offender and child-victim offender adjudicated delinquent, Appellant's classification as a tier III offender/child-victim offender must be made pursuant to R.C. 2152.82, R.C. 2152.83, R.C. 2152.84, or R.C. 2152.85.  As discussed in the third assignment of error, the trial court improperly classified Appellant a tier III offender pursuant to R.C. 2152.86, which has been found unconstitutional.  Because Appellant was adjudicated delinquent in juvenile court, the trial court erred in imposing on him an adult offender registration classification.

**{¶33}** The Ninth District Court of Appeals has found harmless error in the classification of a serious youth offender as an adult registrant:

[A] trial court speaks only through its journal entries." *State v. Leason*, 9th Dist. Summit No. 25566, 2011-Ohio-6591, 2011 WL 6740749, ¶ 8. In its entry, the juvenile court wrote that D.J. "has been convicted of a sexually-oriented offense" even though he, instead, had been adjudicated delinquent for committing rape and murder. The court went on, however, to order D.J. "to be adjudicated a Tier III Sex Offender * * *." The definition of a "Tier III sex offender * * *" includes "[a] sex offender who * * * has been adjudicated a delinquent child for committing any sexually oriented offense and who a juvenile court, pursuant to section 2152.82, 2152.83, 2152.84,

or 2152.85 * * * classifies a tier III sex offender * * * relative to the offense."

R.C. 2950.01(G)(3). Although the juvenile court used the word "adjudicate" in its entry instead of "classify," the difference between the two words in this context is not significant. In addition, D.J. has not identified any difference in the requirements placed on a Tier III sex offender who receives that designation automatically for being convicted of certain offenses as an adult and juveniles who receive that designation under Section 2950.01(G)(3). Accordingly, upon review of the juvenile court's entry, we conclude that any error in the court's word choice was harmless. D.J.'s fifth assignment of error is overruled.

*In re D.J.*, 9th Dist. Summit No. 28472, 2018-Ohio-569, ¶23.

**{¶34}** The juvenile in *In re D.J.* had been properly classified a tier III juvenile offender pursuant to R.C. 2950.01(G)(3).  Thus, the additional classification as an adult offender was superfluous, as the registration and reporting requirements were identical to the juvenile registration and reporting requirements for a tier III offender.  In the instant case however, Appellant was not properly classified a tier III juvenile offender pursuant to R.C. 2950.01(G)(3), as the trial court incorrectly applied R.C. 2952.86, which had been declared unconstitutional.  Accordingly, the imposition of the adult classification is not harmless.

**{¶35}**  The fourth assignment of error is sustained.

V.

**{¶36}** Appellant argues counsel was ineffective for failing to raise his improper classification as a PRQJOR and his improper classification as an adult tier III offender. Because we have sustained Appellant's assignments of error relative to his classification, this assignment of error is overruled as being moot.

**{¶37}** The judgment is reversed as to Appellant's tier III juvenile and adult registration classification and remanded for re-classification in accordance with law and this opinion. The judgment is affirmed in all other respects.

By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur