[Cite as *In re C.P.*, 2022-Ohio-4087.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| In Re C.P. | : | |
| | : | No. 111445 |
| A Minor Child | : | |
| | : | |
| [Appeal by C.P.] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED; REMANDED
**RELEASED AND JOURNALIZED:** November 17, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-19-104819

### *Appearances:*

Timothy Young, Ohio Public Defender, and Lauren Hammersmith, Assistant Public Defender, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Warren W. Griffin, Assistant Prosecuting Attorney, *for appellee*.

MARY J. BOYLE, J.:

{¶ 1} Appellant, C.P., challenges the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, that classified him as a Tier II sex offender, contending that the juvenile court did not have jurisdiction to classify C.P. just prior to his release from the Ohio Department of Youth Services ("ODYS"). He

asserts that the court acted in violation of R.C. 2152.82 when it classified him prior to his release rather than at the time of his juvenile disposition. C.P. also challenges the court's imposition of the Public Qualified Juvenile Registrant classification as unconstitutional. For the reasons set forth below, we vacate the March 9, 2022 judgment entry classifying C.P. both as a Tier II sex offender and Public Qualified Juvenile Registrant and remand to the juvenile court. The court's November 21, 2019 dispositional judgment entry remains the final adjudication in this case.

## I.    Facts and Procedural History

{¶ 2}    In April 2019, a complaint was filed in juvenile court alleging that then 15-year-old C.P. was a delinquent child for committing two counts of rape, felonies of the first degree if committed by an adult, and two counts of gross sexual imposition ("GSI"), felonies of the third and fourth degree if committed by an adult. C.P. admitted the allegations of the complaint as amended: two counts of sexual battery, one count of GSI, and the remaining count were nolled. The magistrate adjudicated him delinquent and ordered C.P. to a sex-offender assessment and the ODYS Committee for review and recommendation. The matter was continued for a disposition hearing. After the conclusion of the dispositional hearing in November 2019, the magistrate committed C.P. to ODYS for a minimum period of 1 year, maximum to his 21st birthday, and ordered that he complete a sex-offender treatment program. The juvenile court adopted the magistrate's decision on

November 21, 2019.[1] This final judgment entry made no mention of any sex-offender classifications regarding C.P. (Judgment Entry, November 19, 2019.) C.P. was admitted to ODYS in December 2019.[2]

{¶ 3} In November 2021, the juvenile court magistrate held a hearing on the matter of C.P.'s registration in advance of his December 2, 2021 release date from ODYS. C.P objected to the classification at the hearing. The magistrate noted the objection and continued with the classification. At the conclusion of the hearing, the magistrate classified C.P. as a Tier II sex offender. In the accompanying journal entry, the magistrate's decision classified C.P. as a Tier II sex offender and a Public Qualified Juvenile Registrant. (Judgment Entry, Nov. 30, 2021.) C.P. filed objections to the magistrate's decision, arguing that the court does not have jurisdiction to classify him as a Tier II sex offender because the court did not comply with the timing requirements of R.C. 2152.82. Appellee, the state of Ohio ("state"), did not file an opposition to the objections.

{¶ 4} Following C.P.'s objections, the magistrate issued a corrected judgment entry on December 13, 2021, that also classified C.P. as a Tier II sex offender and a Public Qualified Juvenile Registrant. C.P. filed supplemental objections to this entry, arguing that the magistrate did not have jurisdiction to

---

[1] C.P. appealed the juvenile court's decision to this court in *In re C.P.*, 8th Dist. Cuyahoga No. 109331. The appeal was voluntarily dismissed by C.P. in March 2020.

[2] C.P. was previously adjudicated for a sexually oriented offense (GSI) in February 2017 in Cuyahoga J.C. No. DL16111298. C.P. was 13 years old during the time period alleged in the complaint for that case, and was not classified as a juvenile sex offender registrant because he was not age eligible.

classify C.P. as a Public Qualified Juvenile Registrant or Public Registry Qualified Juvenile Offender ("PRQJOR") because the PRQJOR classification was never raised or discussed at the hearing and the PRQJOR statute, R.C. 2152.86, was found to be unconstitutional in 2012. The state did not file a brief in opposition to the supplemental objections. On March 9, 2021, the juvenile court overruled C.P.'s objections and adopted the magistrate's decision. The court classified C.P. as a Tier II sex offender and a Public Qualified Juvenile Registrant.

{¶ 5} It is from this order that C.P. appeals, raising the following assignments of error for review:

> **Assignment of Error I:** The Cuyahoga County Juvenile Court erred when it classified C.P. as a juvenile registrant because it did not comply with the timing requirements of R.C. 2152.82.

> **Assignment of Error II:** The juvenile court erred when it classified C.P. as a public registry qualified juvenile offender registrant (PRQJOR), pursuant to R.C. 2152.86, in violation of *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 86.

## II.    Law and Analysis

### A. The Classification of a Child as a Juvenile Offender Registrant when the Child Previously was Adjudicated a Delinquent Child for Committing any Sexually Oriented Offense

{¶ 6} R.C. 2152.82 governs the classification of a child as a juvenile offender registrant in cases where the child is a repeat offender and provides in pertinent part:

> (A) The court that adjudicates a child a delinquent child *shall issue as part of the dispositional order* an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to

comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

(1) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(2) The child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the offense.

(3) The court has determined that the child previously was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense, regardless of when the prior offense was committed and regardless of the child's age at the time of committing the offense.

(4) The court is not required to classify the child as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

(B) *An order required under division (A) of this section shall be issued at the time the judge makes the order of disposition for the delinquent child.*

(Emphasis added.) *Id.*

### B. C.P.'s Tier II Sex Offender Classification

{¶ 7}   In the first assignment of error, C.P. argues that the juvenile court erred when it classified him as a Tier II sex offender because it did not comply with the timing requirements of R.C. 2152.82. The state contends that this court has not yet determined whether R.C.2152.82 requires classification within the original dispositional order. While this exact issue has not yet been addressed, this court has stated that "R.C. 2152.82(A) requires the court that adjudicates a child a delinquent child *to issue as part of the dispositional order* an order that classifies the child a

juvenile offender registrant when certain conditions are present." (Emphasis added.) *In re J.W.*, 8th Dist. Cuyahoga No. 109031, 2020-Ohio-4065, ¶ 27.[3]

{¶ 8} A plain reading of R.C. 2152.82(A) and (B) unambiguously conveys the legislature's intent that the classification must occur at the time of the dispositional order when certain criteria are met, including a determination that "the child previously was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense[.]" R.C. 2152.82(A)(3). The statute's clear requirement is that the court must issue the order classifying the repeat-offending child as a juvenile offender registrant at the child's disposition. Furthermore, C.P. is not subject to classification under R.C. 2152.83 because R.C. 2152.83(A) and (B) only apply to those not previously adjudicated a delinquent child for committing a sexually oriented or child-victim oriented offense. R.C. 2152.83(A)(1)(c) and 2152.83(B)(1)(c).

{¶ 9} Here, a review of the record demonstrates that C.P. was previously adjudicated delinquent for committing a sexually oriented offense in case number DL16111298, the offenses he committed are sexually oriented offenses, and C.P. was between the ages of 14 and 17 at the time of the offenses. Therefore, the juvenile

---

[3] We note that in a case where this court addressed the timing requirements of R.C. 2152.83(B) (classification of a juvenile offender at the time of disposition or release from a secure facility), we reversed the portion of the court's judgment classifying the appellant as a Tier I sex offender when the court imposed the sex-offender classification at the dispositional hearing instead of holding a hearing upon the appellant's release from ODYS as required by R.C. 2152.83(B)(1), which provides that "[t]he court that adjudicates a child a delinquent child, on the judge's own motion, may conduct * * * at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section." *In re D.B.*, 8th Dist. Cuyahoga No. 98698, 2013-Ohio-496, ¶ 6-8.

court was required to classify him under R.C. 2152.82 as juvenile offender registrant at the time the court issued its dispositional order in November 2019. That did not occur, however. Instead, the juvenile court did not classify C.P. until November 2021, which was one month prior to his release date from ODYS. Because C.P. was not classified at his disposition in November 2019, the juvenile court erred by classifying him as a Tier II sex offender at the November 2021 hearing. Consequently, the Tier II classification must be vacated.

{¶ 10} The first assignment of error is sustained.

### C. C.P.'s Public Registry Qualified Juvenile Offender Registrant Classification

{¶ 11} In the second assignment of error, C.P. argues that the juvenile court erred when it classified him as a PRQJOR pursuant to an unconstitutional statute. The state concedes this error.[4]

{¶ 12} In *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967, N.E.2d 729, the Ohio Supreme Court held that the PRQJOR classification under R.C. 2152.86 is unconstitutional because it automatically imposes lifelong registration and

---

[4] Although not argued in either party's appellate brief, we note that in C.P.'s supplemental objections to the magistrate's decision, C.P. argued that the PRQJOR was not ordered at the hearing, yet was ordered in the accompanying judgment entry. C.P. noted that a court speaks through its journal and it is imperative that the court's journal reflect the truth. *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). In *Donnellon*, the Ohio Supreme Court held that "[a]ll courts have a clear legal duty to have their journals reflect the truth" and "[a]ll litigants have a clear legal right to have the proceedings they are involved in correctly journalized." *Id.* at 119. Here, the judgment entry does not reflect the truth of the hearing, which is that the court did not classify C.P. as a PRQJOR.

notification requirements on a certain class of juvenile sex offenders called public-registry-qualified juvenile-offender registrants. The court stated:

> R.C. 2152.86 creates a classification of juvenile offenders called public registry-qualified juvenile-offender registrants. R.C. 2152.86 imposes upon that classification of juvenile offenders an automatic, lifetime requirement of sex-offender registration and notification, including placement on a public Internet registry. Such requirements are imposed upon juveniles without the participation of a juvenile judge. We conclude that R.C. 2152.86 is unconstitutional because the penalty it imposes violates the prohibitions against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 9. Further, we hold that R.C. 2152.86 is unconstitutional because the procedure involved in imposing the punishments violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 16.

*Id.* at ¶ 86.

{¶ 13} In the instant case, the juvenile court classified C.P. as a PRQJOR in its March 9, 2022 judgment entry. Because the *In re C.P.* Court found that R.C. 2152.86 is unconstitutional, the juvenile court could not classify C.P. under that statute. *C.P.* at ¶ 86; *see In re D.F.*, 2018-Ohio-1792, 111 N.E.3d 737, ¶ 27, 36 (5th Dist.), *discretionary appeal not allowed*, 153 Ohio St. 3d 1463, 2018-Ohio-3258, 104 N.E.3d 792 (where the Fifth District Court of Appeals found the court's PRQJOR classification under R.C. 2152.86 was error and remanded the matter for a reclassification hearing).

{¶ 14} Accordingly, the juvenile court erred when it classified C.P. as a PRQJOR and the PRQJOR classification must be vacated.

{¶ 15} Therefore, the second assignment of error is sustained.

### III. Conclusion

{¶ 16} The March 9, 2022 judgment entry purporting to restate C.P.'s adjudication and classifying C.P. as a Tier II sex offender and a PRQJOR is vacated in its entirety. The juvenile court's November 21, 2019 dispositional judgment entry remains the final adjudication in this case. The matter is remanded to the juvenile court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR